Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
Jeremy D. Sacks, OSB No. 994262
jeremy.sacks@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave, Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380

Kelly K. Simon, OSB No. 154213
ksimon@aclu-or.org
ACLU FOUNDATION OF OREGON
506 SW 6th Ave, Suite 700
Portland, OR 97204
Telephone: (503) 227-3986

Attorneys for Plaintiffs Mark Pettibone, Fabiym Acuay (a.k.a. Mac Smiff), Andre Miller, Nichol Denison, Maureen Healy, Christopher David, Duston Obermeyer, James McNulty, Black Millennial Movement, and Rose City Justice, Inc.
[*Additional counsel for Plaintiffs listed on signature page*]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARK PETTIBONE, an individual; FABIYM ACUAY (a.k.a. MAC SMIFF), an individual; ANDRE MILLER, an individual; NICHOL DENISON, an individual; MAUREEN HEALY, an individual; CHRISTOPHER DAVID, an individual; DUSTON OBERMEYER, an individual; JAMES MCNULTY, an individual; BLACK MILLENNIAL MOVEMENT, an organization; and ROSE CITY JUSTICE, INC., an Oregon nonprofit corporation,

Plaintiffs,

v.

JOSEPH R. BIDEN, JR., in his official capacity;

Case No.: 3:20-cv-1464-YY

JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

ALEJANDRO MAYORKAS, in his official capacity; CHAD F. WOLF, in his individual capacity; GABRIEL RUSSELL, in his individual and official capacity; JOHN DOES 1-200, in their individual capacities; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES MARSHALS SERVICE,
JOSEPH R. BIDEN, JR., in his official capacity; ALEJANDRO MAYORKAS, in his official capacity; CHAD F. WOLF, in his individual capacity; GABRIEL RUSSELL, in his individual and official capacity; JOHN DOES 1-200, in their individual capacities; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES MARSHALS SERVICE,

Defendants.

---

Counsel for the parties conducted a Rule 26(f) conference by telephone on March 5, 2021 (the "Conference"). Plaintiffs are eight individuals and two organizations who allege that they were injured by the individual and official actors named as Defendants in this matter.

There are two groups of Defendants, each represented by different offices within the United States Department of Justice:

- Joseph R. Biden, Jr., in his official capacity (substituted in for Donald J. Trump, in his official capacity), Alejandro Mayorkas, in his official capacity (substituted in for Chad Wolf, in his official capacity), and Gabriel Russell, in his official capacity, the United States Department of Homeland Security ("DHS"), and the United States Marshals Service ("USMS") (collectively, the "Official-Capacity Defendants"); and
- Chad Wolf, in his individual capacity, Gabriel Russell, in his individual capacity (collectively the "Individual-Capacity Defendants").

In addition, the Complaint names as defendants John Does 1-200, in their individual capacities. These defendants are not yet named or represented.

During the March 5 conference, Plaintiffs sought to discuss, among other things, initial disclosures, discovery subjects, the format for productions, and a workable discovery schedule, including but not limited to immediate discovery of the individual Doe Defendants, whose identities are known to the Official-Capacity Defendants. Plaintiffs intend to seek leave to amend their complaint to name and serve the individual Doe Defendants as soon as they can be identified through discovery.

In response, the Official-Capacity Defendants asserted on March 5 that discovery should not proceed because their Motion to Dismiss (filed later that day) could resolve all claims in their favor and because, in the view of counsel for the Individual-Capacity Defendants, discovery against Individual-Capacity Defendants must be stayed while the Court decides whether the officers are entitled to qualified immunity. *See generally* Motion to Stay Discovery, ECF No. 28.

The Individual-Capacity Defendants also declined to discuss initial disclosures or discovery with Plaintiffs at the March 5 conference, asserting that discovery, including initial disclosures, is inappropriate and premature until after their asserted defense of qualified immunity from suit has been fully resolved.[1] At that point, Individual-Capacity Defendants believe that discussion of initial disclosures and discovery would be appropriate. The parties agreed that the Individual-Capacity Defendants did not need to file a motion to stay discovery,

[1] In support of their position, Individual-Capacity Defendants cite *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004) ("Government officials are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery and other pre-trial procedures.") (citing *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)).

including initial disclosures. Without endorsing the Individual-Capacity Defendants' view of the law, Plaintiffs at the present time do not intend to take discovery from the Individual-Capacity Defendants until after the Court rules on their Motion to Dismiss.

Plaintiffs and the Official-Capacity Defendants held a further conference on March 15, 2021, to discuss discovery relating to (a) the identity of Doe Defendants and (b) Plaintiffs' desire to conduct discovery into jurisdictional issues raised by the Official-Capacity Defendants' Motion to Dismiss. These discussions are ongoing. To that end, on March 15, the Official-Capacity Defendants agreed that Plaintiffs could file an unopposed Motion for Extension of Time in which to file their response to the Official-Capacity Defendants' Motion to Stay. The Court entered an order granting Plaintiff's unopposed Motion on March 16, 2021, and extending Plaintiffs' reply date to April 9. This extension has allowed Plaintiffs and the Official-Capacity Defendants to continue their discussions regarding discovery and a protective order.

**A. Rule 26(a)(1) Initial Disclosures**

The parties did not agree to waive Rule 26(a)(1) initial disclosures, and they did not agree on a deadline for initial disclosures. Plaintiffs believe that Rule 26(a)(1) initial disclosures are appropriate and should be exchanged now. Official-Capacity Defendants agree that Rule 26(a)(1) initial disclosures are appropriate, but that they should be exchanged within 14 days after the Court denies the Motion to Stay Discovery or the Motion to Dismiss, whichever is earlier, assuming the Court does not grant the Motion to Dismiss. Individual-Capacity Defendants declined to discuss initial disclosures because, in their view, such disclosures are inappropriate and premature until their asserted defense of qualified immunity from suit has been fully resolved.

**B. Consent to the Magistrate Judge**

The parties did not discuss this topic. Official-Capacity Defendants and Individual-Capacity Defendants do not consent to magistrate jurisdiction.

**C. Alternative Dispute Resolution**

The parties did not discuss this topic. All parties are open to alternative dispute resolution at an appropriate juncture, but believe that it is premature at the present time.

**D. Subjects and Timing of Discovery**

In the near term, Plaintiffs need discovery to identify the Doe Defendants, and this discovery is urgent due the one-year statute of limitations on claims arising under 42 U.S.C. § 1986. Plaintiffs also intend to take jurisdictional discovery in order to respond to the Official-Capacity Defendants' Motion to Dismiss and the standing and mootness arguments and evidence on which that motion relies. After discovery into the identity of the Doe Defendants and discovery into the standing and mootness issues raised by the Official-Capacity Defendants' Motion to Dismiss, Plaintiffs will also need merits discovery into the actions of Defendants that led to Plaintiffs' injuries and the violations of their constitutional rights.

The Official-Capacity Defendants have filed a motion to stay all discovery for the reasons stated therein. As noted above, Plaintiffs and the Official-Capacity Defendants remain in discussions regarding potential discovery related to the Does and to jurisdictional issues raised by the Official-Capacity Defendants' Motion to Dismiss prior to the Court's resolution of that motion to dismiss.

The Individual-Capacity Defendants declined to discuss any discovery because, in their view, such discussion is inappropriate and premature until their asserted defense of qualified immunity has been fully resolved.

**E. Discovery Plan**

See the response to Section D, directly above.

**F. Document Preservation**

Plaintiffs' counsel has taken steps to ensure that discoverable ESI is not deleted, altered, or made inaccessible and will continue collecting Plaintiffs' relevant documents and ESI.

Official-Capacity Defendants have implemented a litigation hold in order to ensure that discoverable information, including ESI, is preserved. Individual-Capacity Defendants' counsel have taken steps to ensure that discoverable information, including ESI, is not deleted, altered, or made inaccessible..

**G. Protective Order**

The parties agree that a protective order will be necessary in this case, because the Official-Capacity Defendants take the position that various categories of information, including the identity of some federal officers, are confidential, and because Plaintiffs anticipate producing their medical records. The parties are engaged in discussions regarding appropriate modifications to the Court's model two-tier order.

**H. Agreement Under Federal Rule of Evidence 502.**

All parties believe that a claw-back agreement is appropriate and anticipate negotiating one.

**I. Discovery Sharing**

Plaintiffs believe that sharing discovery materials with related cases also pending in this Court would assist with efficiently and expeditiously completing the necessary discovery in this matter. Plaintiffs anticipate moving for such a procedure after resolution of the pending motions to dismiss.

Official-Capacity and Individual-Capacity Defendants do not agree that discovery in this case will be helpful in any other case, and that such discovery should be limited to the parties in this case. In any event, Official-Capacity and Individual-Capacity Defendants believe that the parties in any other case should file a motion for such discovery in this case if they believe it is relevant and helpful to their case before discovery can be shared.

**J. Case Schedule**

Plaintiffs believe that after a short period of jurisdictional discovery, briefing can be completed on the pending Motions to Dismiss. By early summer, Plaintiffs anticipate seeking leave to amend their complaint to name those Doe Defendants whose identities can be ascertained at this time through the early discovery mentioned above. Due to the large number of Doe Defendants, the task of identifying Does is likely to be iterative. Therefore, Plaintiffs believe that the case schedule should contemplate further amendments to the pleadings over the course of at least the 12 months. At this juncture, Plaintiffs believe that the case could be ready for trial approximately 18 months after the Court rules on the pending Motions to Dismiss.

Official-Capacity Defendants believe that discovery should not proceed while their Motion to Dismiss is pending for the reasons stated in their Motion to Stay Discovery. In the event that the Court denies Official-Capacity Defendants' Motion to Stay Discovery or the Motion to Dismiss, Official-Capacity Defendants believe that the parties should thereafter have

six months to complete fact discovery. Official-Capacity Defendants do not believe expert witnesses will be necessary in this case, but to the extent the Court and the other parties disagree, Official-Capacity Defendants believe the parties should have two months after the close of fact discovery to complete expert discovery. Official-Capacity Defendants believe the parties should have one month after the close of fact and/or expert discovery to file dispositive motions. Official-Capacity Defendants do not think it is efficient to schedule a final pretrial order or set a trial date until after dispositive motions are resolved.

Individual-Capacity Defendants believe that discussing a case schedule is premature at this point while their Motion to Dismiss based on qualified immunity is pending.

Pursuant to Local Rule 11-1(d)(2), the undersigned counsel for Plaintiffs certifies that counsel for both sets of Defendants consented to this filing.

DATED this 19th day of March, 2021.

STOEL RIVES LLP

*s/ Jeremy D. Sacks*
Jeremy D. Sacks, OSB No. 994262
jeremy.sacks@stoel.com
Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
Joel A. Mullin, OSB No. 862533
joel.mullin@stoel.com
Todd A. Hanchett, OSB No. 992787
todd.hanchett@stoel.com
Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Geoffrey B. Tichenor, OSB No. 050958
geoffrey.tichenor@stoel.com
Rachel C. Lee, OSB No. 102944
rachel.lee@stoel.com
Jacob Goldberg, OSB No. 162565
jacob.goldberg@stoel.com

Telephone: (503) 224-3380

and

ACLU FOUNDATION OF OREGON
Kelly K. Simon, OSB No. 154213
ksimon@aclu-or.org
Telephone: (503) 227-3986

*Attorneys for Plaintiffs*

(*cont.*)
U.S. DEPARTMENT OF JUSTICE

*s/ Michael P. Clendenen*
BRIAN M. BOYNTON
Acting Assistant Attorney General
SCOTT ERIK ASPHAUG
Acting United States Attorney
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
MICHAEL P. CLENDENEN (DC 1660091)
Trial Attorneys
U.S. Department of Justice, Civil Division,
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel.: (202) 353-0693

*Attorneys for Official-Capacity Defendants*

U.S. DEPARTMENT OF JUSTICE

*s/ Glenn S. Greene*
BRIAN M. BOYNTON
Acting Assistant Attorney General
SCOTT ERIK ASPHAUG
Acting United States Attorney
C. SALVATORE D'ALESSIO, JR.

Acting Director, Torts Branch
ANDREA W. MCCARTHY
Senior Trial Counsel
GLENN S. GREENE
(New York State Bar No. 2674448)
Senior Trial Attorney
DAVID G. CUTLER, Trial Attorney
(Illinois Bar No. 6303130)
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4143

*Attorneys for Individual-Capacity Defendants*