IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK PETTIBONE**, *et al.*, | Case No. 3:20-cv-1464-YY |
| Plaintiffs, | **ORDER** |
| v. | |
| **JOSEPH R. BIDEN, Jr.**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on September 22, 2022. Judge You recommended that this Court grant in part certain individual defendants' request for judicial notice and grant several defendants' motions to dismiss because Plaintiffs are unable to state a *Bivens* claim against them after the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022).

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs filed objections to the Findings and Recommendation, to which the relevant defendants responded. After the objections and responses were filed, the Ninth Circuit issued its opinion in an appeal of this Court's decision relating to other defendants in this case, issued by this Court before *Egbert* was decided by the Supreme Court. *Pettibone v. Russell*, 59 F.4th 449 (9th Cir. 2023). The Ninth Circuit reversed the decision of this Court that held Plaintiffs had stated a *Bivens* claim under the Fourth Amendment, because, among other reasons, "[a]ggrieved parties can report any alleged misconduct to the Inspector General of the Department of Homeland Security . . . . The grievance procedure is thus comparable to the remedy deemed adequate in *Egbert*." *Id* at 456. Thus, "[j]ust as the availability of such a grievance procedure precluded a *Bivens* action in *Egbert*, so too does it preclude a *Bivens* action in this case." *Id.* at 457. The Ninth Circuit denied Plaintiffs' petition for *en banc* review on April 14, 2023.

Plaintiffs' current objections rely on the contention that Plaintiffs can state a claim under *Bivens*. The Ninth Circuit's opinion in *Pettibone*, however, forecloses those objections. Even if Plaintiffs could persuade the Court that the claims against the relevant individual defendants, who are federal law enforcement officers, do not represent a new context under *Bivens*, which would be a difficult task after *Egbert* and *Pettibone*, the special factors analysis described in *Pettibone* would still apply. Thus, the availability of an alternative remedy, which *Pettibone* confirmed "independently foreclose[s] a *Bivens* action," *id.* at 456 (alteration in *Pettibone*) (quoting *Egbert*, 142 S. Ct. at 1806), applies to these individual defendants as well. Plaintiffs object that the ability to report alleged misconduct to the Inspector General for the Department of Homeland Security is not an effective alternative remedy, but the Ninth Circuit in *Pettibone* expressly held to the contrary, and this district court lacks authority to reach a contrary conclusion. There is either the same or a similar alternative remedy available to each of these defendants, as discussed in the Findings and Recommendation.

The Court ADOPTS the Findings and Recommendation, ECF 205, as supplemented herein. The Court GRANTS the motions to dismiss filed by defendants 1 through 6 and 8 through 15 (ECF 170), defendant 7 (ECF 175), defendants 17 and 18 (ECF 174), and defendants 16 and 19 (ECF 178). The Court also grants in part the request for judicial notice by defendants 17 and 18, but only for the existence of the proffered sources, not the truth of any matters asserted therein. The claims against these defendants are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 17th day of April, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge