BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
NATALIE K. WIGHT
United States Attorney
JAMES G. TOUHEY, Jr.
Director, Torts Branch
LAWRENCE EISER (D.C. Bar No. 424909)
Senior Trial Counsel, Torts Branch
SARAH DU (Maryland Bar No. 2012170214)
Trial Attorney, Torts Branch
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888, Benjamin Franklin Station
Washington, D.C., 20044
Larry.Eiser@usdoj.gov
Tel:   (202) 616-4260
Fax:   (202) 616-5200
*Attorneys for Defendant United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

MARK PETTIBONE, et al.,

|  |  |
|---|---|
| Plaintiffs, | Case No.: 3:20-cv-01464-YY |
| v. | **DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT** |
| JOSEPH R. BIDEN, JR., et al., | |
| Defendants. | |

## **DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

Defendant United States of America respectfully moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing the Fourteenth Claim For Relief in Plaintiffs' Fourth Amended Complaint, alleging a negligence claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671, *et seq.*[1]  Pursuant to Local Rule 7-1(c), an accompanying memorandum of points and authorities follows.  In compliance with Local Rule 7-1(a)(1)(A), the parties made a good faith effort through telephone conference to resolve the dispute and have been unable to do so.

---

[1] Pursuant to the Court's August 6, 2024 Order, the United States' pending motions to dismiss (ECF Nos. 26, 256), the Court's previous Findings and Recommendations (ECF Nos. 283, 287), and the United States' objections thereto (ECF No. 290) apply to Claims One through Thirteen in the Fourth Amended Complaint.  ECF No. 308.

DEFENDANT UNITED STATES' MOTION TO DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT – 1

Dated:  September 11, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

NATALIE K. WIGHT
United States Attorney

JAMES G. TOUHEY, JR.
Director, Torts Branch

By:         *s/ Lawrence Eiser*_____
            Lawrence Eiser, D.C. Bar No. 424909
            Senior Trial Counsel
            Sarah Du, Maryland Bar No. 2012170214
            Trial Attorney
            U.S. Department of Justice
            Civil Division, Torts Branch
            P.O. Box 888, Benjamin Franklin Station
            Washington, D.C. 20044
            Larry.Eiser@usdoj.gov
            Tel:   (202) 616-4260
            Fax:  (202) 616-5200
            *Attorneys for Defendant United States*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
NATALIE K. WIGHT
United States Attorney
JAMES G. TOUHEY, Jr.
Director, Torts Branch
LAWRENCE EISER (D.C. Bar No. 424909)
Senior Trial Counsel, Torts Branch
SARAH DU (Maryland Bar No. 2012170214)
Trial Attorney, Torts Branch
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888, Benjamin Franklin Station
Washington, D.C., 20044
Larry.Eiser@usdoj.gov
Tel:   (202) 616-4260
Fax:   (202) 616-5200
*Attorneys for Defendant United States of America*

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| MARK PETTIBONE, et al., | Case No.: 3:20-cv-01464-YY |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT** |
| v. | |
| JOSEPH R. BIDEN, JR., et al., | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS

## INTRODUCTION

This case concerns protests and civil unrest in downtown Portland, Oregon, during the spring and summer of 2020, including protests that regularly surrounded the Mark O. Hatfield United States Courthouse.  Plaintiffs are eight individuals—Fahiym Acuay (a.k.a. Mac Smiff), Christopher David, Nichol Denison, Maureen Healy, Andre Miller, James McNulty, Duston Obermeyer, and Mark Pettibone—who attended the nighttime protests in July 2020, as well as two organizations, Black Millennial Movement and Rose City Justice, Inc.  They allege that at various times during the protests, federal law enforcement officers committed various torts by using crowd control devices against them and, in one instance, arresting and detaining a plaintiff.

Plaintiffs commenced this action in August 2020, asserting *Bivens* claims against the individual capacity defendants, as well as declaratory and injunctive relief claims against the official capacity defendants.  ECF No. 1.  Those claims have all been dismissed or recommended for dismissal.  *See* ECF Nos. 149, 249, and 283; *Pettibone v. Russell*, 59 F.4th 449 (9th Cir. 2023).

On January 4, 2023, Plaintiffs filed their Third Amended Complaint ("TAC"), ECF No. 223, which asserted claims against the United States under the Federal Tort Claims Act ("FTCA") on behalf of the eight individual Plaintiffs.  All eight individual Plaintiffs asserted FTCA claims for assault, battery, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED").  TAC ¶¶ 286–89, 298–302 (Claims 9 and 11).  Additionally, Plaintiff Pettibone asserted claims for trespass to chattels and false

arrest/imprisonment, *id.* ¶¶ 290–97, 303–07 (Claims 10 and 12), and Plaintiff David asserted a

claim for defamation. *Id.* ¶¶ 308–12 (Claim 13).

On May 10, 2023, the United States filed its Partial Motion to Dismiss the TAC, ECF No.

256 ("Partial Mot."). The United States argued that the Court should dismiss all of Plaintiffs'

FTCA claims except for Plaintiff Pettibone's claim for false arrest/imprisonment. Plaintiffs

conceded dismissal of Plaintiff Pettibone's trespass to chattels claim and Plaintiff David's

defamation claim, and opposed dismissal as to the remaining claims. ECF No. 263 at 2 n.1.

On February 26, 2024, Magistrate Judge You issued Findings & Recommendations

("F&R") regarding the United States' Partial Motion to Dismiss. ECF No. 287. The F&R

recommended that the United States' motion to dismiss Plaintiff Pettibone's trespass to chattels

claim and Plaintiff David's defamation claim should be granted, based on Plaintiffs' concession

that dismissal was proper. *Id.* at 3. The F&R, however, recommended that the United States'

motion to dismiss should be denied as to Plaintiffs' assault, battery, IIED, and NIED claims. The

United States filed objections to the F&R, explaining why the Court should decline to adopt the

F&R's recommendations with respect to some of the Plaintiffs' claims for battery, assault, IIED,

and NIED. ECF No. 290. Those objections remain pending with the Court.

Plaintiffs filed their motion for leave to file a Fourth Amended Complaint ("FAC") on

August 1, 2024, the last day to do so under the Court's Scheduling Order. The proposed FAC

sought to add "a negligence claim against Defendant United States of America that is premised

on the same factual bases as Plaintiffs' other FTCA claims," along with "limited additional and

revised factual allegations." ECF No. 307 at 3–4. The parties stipulated that the pending

motions to dismiss filed in this case, ECF Nos. 26 and 256, and Magistrate Judge You's Findings

& Recommendations and the United States' objections thereto, ECF Nos. 283, 287, and 290,

would remain applicable to Claims One through Thirteen in the FAC.  ECF No. 307 at 2.

Magistrate Judge You granted Plaintiffs' motion for leave to amend, ECF No. 308, and Plaintiffs

filed their FAC on August 12, 2024.  ECF No. 309.  Claim Fourteen in Plaintiffs' FAC alleges

that agents or employees of the United States "were negligent in their determination and/or

authorization of when, whether, and how to deploy force and the amount of force used, in

carrying out their use of their force, and/or in taking aim at their intended target(s) when they"

struck Plaintiffs.  FAC ¶¶ 313–16.[1]

     Plaintiffs' new negligence claim should be dismissed for two reasons.  First, the FTCA's

discretionary function exception, 28 U.S.C. § 2680(a), precludes exercise of jurisdiction over the

claim.  Second, Plaintiffs fail to state a claim for negligence because their claim is premised

entirely on alleged *intentional* conduct.

## LEGAL STANDARDS

     The United States brings this motion for lack of subject matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted

under Federal Rule of Civil Procedure 12(b)(6).  For the purposes of this motion only, well-

pleaded factual allegations are accepted as true.

     Subject matter jurisdiction is a threshold issue and cannot be waived.  *Steel Co. v.

Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  When the plaintiff cannot demonstrate the

court has subject matter jurisdiction over the action, dismissal must follow.  Fed. R. Civ. P.

12(h)(3).  The court's analysis must begin with the presumption "that a cause lies outside [the

federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the

---

[1] Claim 14 is brought on behalf of Plaintiffs Denison, Healy, Miller, McNulty, and Smiff, but not on behalf of Plaintiffs Obermeyer, David, or Pettibone.  FAC ¶¶ 313–16.

DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT – 3

party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Where, as here, a Rule 12(b)(1) motion challenges subject matter jurisdiction based exclusively on the bare allegations appearing on the face of the complaint, the court resolves the motion like it would a Rule 12(b)(6) motion: accepting the plaintiff's allegations as true and drawing reasonable inferences in the plaintiff's favor. *Andrade-Tafolla v. United States*, 536 F. Supp. 3d 764, 770 (D. Or. 2021); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Under Rule 12(b)(6), a court must dismiss a claim that does not allege sufficient facts to demonstrate a plausible entitlement to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see Austin v. Univ. of Oregon*, 925 F.3d 1133, 1137 (9th Cir. 2019). While a plaintiff's failure to state a claim under Rule 12(b)(6) does not usually deprive a federal court of subject-matter jurisdiction, "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback v. King*, 592 U.S. 209, 210 (2021). Thus, if a plaintiff fails to plausibly allege the elements of an FTCA claim under 28 U.S.C. § 1346(b)(1), this not only constitutes a failure to state a claim upon which relief can be granted, but also deprives the court of subject-matter jurisdiction over the claim. *Id.*

## ARGUMENT

**I.    The Discretionary Function Exception Bars Claim 14 of Plaintiffs' Fourth Amended Complaint.**

Plaintiffs' negligence claim, premised on management decisions related to the government's response to large-scale protests surrounding federal property, fails to allege conduct that falls outside the discretionary function exception to the FTCA.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is a limited waiver of sovereign immunity. 28 U.S.C. §§ 1346(b), 2671 *et seq.* The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)); *Vacek*, 447 F.3d at 1250 (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). Subject to several exceptions, the FTCA authorizes suits against the United States for:

> Money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674.

This waiver of sovereign immunity is circumscribed by the list of exceptions enumerated in 28 U.S.C. § 2680. As conditions of the waiver of sovereign immunity, the Section 2680 exceptions define the court's jurisdiction to entertain suit. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). These exceptions include the discretionary function exception, which preserves the United States' immunity

DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT – 5

against "[a]ny claim based upon an act or omission of an employee of the Government . . . based

upon the exercise or performance or the failure to exercise or perform a discretionary function or

duty on the part of a federal agency or an employee of the Government, whether or not the

discretion involved be abused." 28 U.S.C. § 2680(a). Congress created the discretionary

function exception "to prevent judicial 'second-guessing' of legislative and administrative

decisions grounded in social, economic and political policy through the medium of an action in

tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S.

797, 813 (1984); *United States v. Gaubert*, 499 U.S. 315, 323 (1991)).

Courts apply a two-part test to determine whether the challenged conduct falls within the

FTCA's discretionary function exception. First, the conduct or omission at issue must be

"discretionary," meaning "it involve[d] an element of judgment or choice." *Gaubert*, 499 U.S. at

322, 328*; see also Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996). If there is

no federal statute, regulation, or policy mandating a specific course of conduct for a federal

employee to follow, the first prong is satisfied. *See Bibeau v. Pac. Nw. Rsch. Found., Inc.*, 339

F.3d 942, 945 (9th Cir. 2003). Second, courts ask "whether that judgment is of the kind that the

discretionary function exception was designed to shield," meaning the conduct is "grounded in

social, economic, and political policy." *Blackburn*, 100 F.3d at 1429 (citing *Gaubert*, 499 U.S.

at 322–23). "When established governmental policy, as expressed or implied by statute,

regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be

presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*,

499 U.S. at 324; *Bibeau*, 339 F.3d at 946. The focus of the inquiry is "on the nature of the

actions taken and on whether that action is susceptible to policy analysis," not whether such

policy considerations were actually weighed. *Gaubert*, 499 U.S. at 325; *Lam v. United States*,

979 F.3d 665, 674, 682 (9th Cir. 2020); *Gonzalez v. United States*, 814 F.3d 1022, 1028, 1033 (9th Cir. 2016).

At the pleading stage, a plaintiff "must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." *Prescott v. United States*, 973 F.2d 696, 702 n.4 (9th Cir. 1992) (citing *Carlyle v. U.S. Dep't of the Army*, 674 F.2d 554, 556 (6th Cir. 1982) ("Only after a plaintiff has successfully invoked jurisdiction by a pleading that facially alleges matters not excepted by [the FTCA] does the burden fall on the government to prove the applicability of a specific provision of [the FTCA].")); *Bernath v. Hyatt*, No. 3:11-cv-00599-KI, 2012 WL 1605582, at *5 (D. Or. May 8, 2012).

As a threshold matter, before engaging with the first prong of the discretionary function analysis, a court must identify the challenged conduct that the claim is "based upon." *See* 28 U.S.C. § 2680(a) (excepting from the FTCA's waiver of sovereign immunity any claim "based upon" a discretionary function); *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (quoting *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002)); *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997) (citing *Autery v. United States*, 992 F.2d 1523, 1527–28 (11th Cir. 1993)) (explaining that in applying the discretionary function exception, "the crucial first step is to determine exactly what conduct is at issue"). In performing this initial determination, a court is not beholden to a plaintiff's characterization of what their claim is "based upon." *Gen. Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998) ("Courts are not required to, and should not, simply look at the surface of a complaint for the purpose of ascertaining the true basis of an attack upon something the government has done."); *Fisher Bros. Sales, Inc. v. United States*, 46 F.3d 279 (3d Cir. 1995) (rejecting plaintiffs' characterization of their claims as based upon negligence of laboratory technicians, because

"[t]he reality here is that the injuries of which the plaintiffs complain were caused by the Commissioner's decisions and, as a matter of law, their claims are therefore 'based upon' those decisions").

Plaintiffs ground their new negligence claim in the United States' decisions about how to manage the response to the summer 2020 protests.  Plaintiffs allege that federal law enforcement officers were negligent "in their determination and/or authorization of when, whether, and how to deploy force" and "in carrying out their use of force." FAC ¶¶ 314–15.[2]  The focus of these allegations, as well as the FAC's broader allegations about agencywide policies, demonstrates that the challenged conduct for purposes of the negligence claim is the policy-based management decisions made by federal officials in responding to the protests.[3]

Under the first prong of *Gaubert*, Plaintiffs have not met their burden to facially plead a negligence theory of liability falling outside the discretionary function exception.  Plaintiffs identify no mandatory or specific federal statute, regulation, or directive mandating how federal officials were to respond to the protests outside a federal facility.  Federal officials' determinations of "when, whether, and how to deploy force"—including decisions about the deployment of law enforcement officers and the use of particular crowd-control strategies—

---

[2] Although Plaintiffs asserted in their motion for leave to amend that the new negligence claim "is premised on the same factual bases as Plaintiffs' other FTCA claims," ECF No. 307 at 3, the allegations described above, including those regarding determinations of "when, whether, and how to deploy force," were not included in Plaintiffs' other FTCA claims.  *See* FAC ¶¶ 286–89 (assault/battery claim), 298–302 (intentional or negligent infliction of emotional distress claim), 303–07 (false arrest/false imprisonment claim).

[3] To the extent that Plaintiffs' negligence claim challenges individual officers' use-of-force decisions in relation to Plaintiffs, the claim is based on the same conduct that forms the basis of Plaintiffs' intentional tort claims, and is therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), as explained below.  *See infra* Part II at 10.

involved the exercise of judgment and choice against the backdrop of constantly changing conditions outside the Hatfield Courthouse. *See Gaubert*, 499 U.S. at 329 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)) ("The agencies here were not bound to act in a particular way; the exercise of their authority involved a great 'element of judgment or choice.'"). Plaintiffs have not alleged facts suggesting that any federal statutes or policies stripped federal officials of their inherent discretion regarding these decisions.

Turning to the second prong of the *Gaubert* analysis, because federal officials' decisions regarding when, whether, and how to deploy force in response to the protests were discretionary, "it must be presumed that the agent[s'] acts are grounded in policy when exercising that discretion." *Id.* at 324; *Bibeau*, 339 F.3d at 946. Indeed, courts have repeatedly held that decisions regarding the timing, amount, and manner of force to deploy in response to crowd-control incidents are shielded by the discretionary function exception. *See, e.g.*, *Industria Panificadora, S.A. v. United States*, 957 F.2d 886, 887 (D.C. Cir. 1992) (citing cases and holding that decisions related to the "allocation of military and law enforcement resources" in response to looting and rioting were susceptible to policy considerations); *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 970–71 (4th Cir. 1992) (same); *Barbour v. United States*, No. 1:18-cv-0246, 2020 WL 3571565, at *7–8 (E.D. Cal. July 1, 2020) ("[A]ctions or inactions taken during a riot is a quintessential act within the discretionary function exception."). Further demonstrating that decisions regarding when and how to deploy force are susceptible to policy considerations, the Fifth Circuit recently held that the discretionary function exception barred a negligence claim arising out of a Border Patrol agent's decision to draw his firearm. *Silva v. United States*, 2024 WL 3647675, No. 22-40835 at *4 (5th Cir. Aug. 5, 2024) ("Decisions about when, why, and under what circumstances to draw a firearm when confronted with aggression

are susceptible to policy analysis.").  As these decisions establish, federal officials'

determinations of when, whether, and how to deploy force are susceptible to a myriad of policy

factors, including the allocation of law enforcement resources and public and officer safety

considerations.  Accordingly, the Court should dismiss Claim 14 of Plaintiffs' Fourth Amended

Complaint for lack of subject matter jurisdiction.

## II.    Plaintiffs Fail to State a Plausible Negligence Claim.

Plaintiffs' new negligence claim is barred by the discretionary function exception, but

even if it were not, the claim should still be dismissed under Federal Rule of Civil Procedure

12(b)(6).  Plaintiffs' negligence claim is not actionable insofar as it is premised on allegations of

the same intentional conduct that forms the basis of Plaintiffs' other FTCA claims.  In their

motion for leave to file the FAC, Plaintiffs argued that their new negligence claim "is premised

on the same factual bases as Plaintiffs' other FTCA claims."  ECF No. 307 at 4.[4]  The United

States previously explained why allegations of *intentional* conduct cannot support Plaintiffs'

claim for NIED.  ECF No. 290 at 14–17.  The same is true of Plaintiffs' new negligence claim

arising out of that same intentional conduct.  *See, e.g.*, *Stade v. Or. Dep't of Human Servs.*, No.

3:21-cv-01217, 2022 WL 2995126, at *7 (D. Or. May 16, 2022) (Findings and

Recommendation) (recommending dismissal of negligence claims where they "appear[ed] to be

based on intentional misconduct" because "'allegations of intentional conduct do not support a

claim for negligence'") (quoting *Rodrigues v. Jackson Cnty.*, 1:13-cv-015489, 2015 WL 404577,

at *4 (D. Or. Jan. 29, 2015) (adopted by *Stade v. Or. Dep't of Human Servs.*, No. 3:21-cv-01217,

---

[4] As explained above, *see supra* 8 n.2, Plaintiffs' negligence claim includes allegations of
intentional conduct that were not presented in support of their other FTCA claims, despite
Plaintiffs' contention to the contrary.

2022 WL 2984184 (D. Or. July 28, 2022)); *Hartman v. Brady*, 3:15-cv-1753, 2016 WL 6126962, at *5 (D. Or. Sept. 19, 2016) (Findings and Recommendation) ("In Oregon, 'intentional conduct does not support a claim for negligence under Oregon law.'") (internal quotations omitted) (adopted by *Hartman v. Brady*, 3:15-cv-1753, 2016 WL 6090925 (D. Or. Oct. 18, 2016)). Plaintiffs' Claim 14 negligence claim should therefore be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, Defendant United States of America respectfully requests that the Court grant dismissal of Plaintiffs' negligence claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: September 11, 2024                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General,
Civil Division

NATALIE K. WIGHT
United States Attorney

JAMES G. TOUHEY, Jr.
Director, Torts Branch

*s/ Lawrence Eiser*
Lawrence Eiser, D.C. Bar No. 424909
Senior Trial Counsel
Sarah Du, Maryland Bar No. 2012170214
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888, Benjamin Franklin Station
Washington, D.C. 20044
Larry.Eiser@usdoj.gov
Tel:    (202) 616-4260

DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT – 11

Fax:   (202) 616-5200
*Attorneys for Defendant United States*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2024, the foregoing was filed electronically through

ECF/CM.

*/s/ Lawrence Eiser*
LAWRENCE EISER, D.C. BAR NO. 424909
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888, Benjamin Franklin Station
Washington, D.C. 20044
Tel:   (202) 616-4260
Fax:   (202) 616-5200
Larry.Eiser@usdoj.gov

DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS CLAIM 14 OF PLAINTIFFS' FOURTH AMENDED COMPLAINT – 0